[No. 37747.   Department Two.   July 29, 1965.]

ROBERT ECKMAN, *Respondent*, v. BOARD OF KING COUNTY CIVIL SERVICE COMMISSIONERS *et al.*, *Appellants.**

*Charles O. Carroll* and *James E. Kennedy*, for appellants.

*Burns & Schneiderman* and *James D. Burns*, for respondent.

PER CURIAM.—By mandate of the superior court, appellant civil service commission was required to classify respondent under RCW 41.14-.090. The classification was radio shop supervisor. The trial judge made findings of fact as follows:

Finding of fact No. 5:

> That there was a lack of good faith on the part of the Sheriff's Civil Service Commission when it held a hearing February 27, 1964 to determine the status of relator. The Commissions' actions on that day and their prior actions indicate a lack of good faith in their evaluation of this case and further showed that the said Commission had prejudged the matter and did not give relator a fair hearing.

And, in finding of fact No. 8:

> That six months prior to December 4, 1958 when RCW 41.14.090 took effect, relator was a Captain in the King County Sheriff's Office and was performing Captain's duties.

Appellant states in his brief ".   .   .   The ultimate issue is the factual question of what duties respondent Eckman performed in the King County Sheriff's Department continuously from June 4, 1958 to December 4, 1958.   .   .   ."

The record contains ample proof to substantiate the court's findings set out above. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The judgment is affirmed.

*Reported in 404 P.2d 785.